UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

    -against-

JOSHUA SASON, *et al.*,

                Defendants.

19 Civ. 01459 (LAP)

## [PROPOSED] PROTECTIVE ORDER

**WHEREAS**, the parties to this action are beginning discovery and have agreed to abide by the terms of this proposed Protective Order; and

**WHEREAS**, the parties to this action seek to have confidential treatment afforded only to documents that have been marked as such, as set forth below;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**:

    **1.**    **Scope**.  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials that may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure ("Rules") on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation**.  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document, to the extent practicable, in a manner that will not interfere with the legibility of the document and that will not permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents.  The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents That May Be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**.  Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute, the documents were produced to Plaintiff Securities and Exchange Commission (the "Commission") in connection with non-public investigations other than *In the Matter of Magna Group, LLC*, File No. NY-9252, or that the documents contain information that should be protected from disclosure as confidential trade secrets, research, development, marketing, personal, financial, competitive, commercial, personal, private, or such other sensitive commercial or personal information that is not publicly available.  Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

4.      **Documents That May Not Be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**.  The designation CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall not be applied to, and the restrictions and obligations set forth in this Order shall not apply to, any information or document that:  (i) is already public knowledge or otherwise in the public domain; (ii) has become public knowledge or enters the public domain other than as a result of disclosure by a receiving party, its employees, or agents in violation of this Order; (iii) has come or shall come into a receiving party's legitimate possession independently of the party or person seeking to designate information or documents as confidential in this action; or (iv) has come into a receiving party's legitimate possession prior to entry of this Order.

5.      **Depositions**.  Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such by the person or party being deposed.  Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER.  Such designation shall be made at the time testimony is given by so stating on the record, or within fifteen (15) days after the transcript of such testimony is made available to the designating party by providing to all counsel written notice of those portions of the transcript so designated.  The Court Reporter shall promptly conform the original transcript of such testimony by stamping the words CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER on each page so designated, and all counsel shall conform their copies of the transcript in accordance with the designation.  Thereafter, any portions of the deposition transcripts or exhibits so designated shall be protected as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.  However, regardless of whether any designations are made by counsel at the

deposition or during the time period within which a party may make a designation, all parties will treat the transcript as having been designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER for fifteen (15) days from receipt of such transcript.

**6. Protection of Confidential Material**.

**(a) General Protections**. Subject to the exceptions provided in paragraph 13, documents designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in paragraph 6(b) for any purpose whatsoever other than to prepare for and conduct discovery, to prepare, file, and respond to motions, and to prepare for and conduct any hearings or trial in this action, including any appeal thereof. The restrictions set out in this Order shall not apply to copies of documents or information contained in documents that any party obtained or obtains independently of documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

**(b) Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1) through (8) or as permitted by paragraph 13. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

**(1) Counsel**. Counsel for the parties and counsel's employees and agents who have responsibility for the preparation (including discovery) and trial of this action;

4

    **(2)**  **Parties**. Parties to this action, including any party's officers, directors, employees, independent contractors, and interns;

    **(3)**  **The Court**. The Court and its support personnel;

    **(4)**  **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

    **(5)**  **Consultants, Investigators, and Experts**. Consultants, investigators, experts, or any person engaged to provide specialized advice (hereinafter referred to collectively as "experts") employed or retained by the parties or counsel for the parties to assist in the preparation and trial of this action;

    **(6)**  **Outside Vendors**. Clerical, paralegal, and data processing personnel, not employed by the parties to this action or by their counsel, involved in the production, reproduction, organizing, filing, coding, cataloguing, converting, storing, retrieving, or review of documents in this action, to the extent reasonably necessary to assist a party to this action or its counsel in this action;

    **(7)**  **Witnesses**. Other persons (and their counsel) who counsel for a party interviews, or in good faith believes may be called to testify at trial or deposition in this action; and

    **(8)**  **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

    **(c)**  **Control of Documents**. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.

**(d)     Copies**.  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER if it does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases, or lists of documents, provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e)     Inadvertent Production**.  The provisions governing inadvertent disclosure of privileged information in Federal Rule of Evidence 502 shall govern the inadvertent production of any document or information without a designation of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

**7.     Challenges by a Party to Designation as Confidential**.  Any CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party").  Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer with the designating party in a good faith effort to resolve the objection by agreement.  If agreement is reached waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall notify all parties of the nature of the agreement and specify the covered documents.

Case 1:19-cv-01459-LAP   Document 81   Filed 06/08/20   Page 6 of 12

8.      **Action by the Court**.  Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1 and any other applicable Rules or the Court's Individual Practices.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to issue any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

9.      **Use of Confidential Documents or Information in This Action**.  The provisions of this Order shall not be construed as preventing the use or disclosure of any information in any motion, hearing, or trial held in this action, or any appeal therefrom, subject to the Rules and the Court's Individual Practices.  In the event that any material previously designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER properly becomes public in a legal proceeding, that material will no longer be afforded confidential treatment under this Order.

10.     **Obligations on Conclusion of Litigation**.

   **(a)**    **Order Remains in Effect**.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   **(b)**    **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents**.  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in paragraph 6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) with regard to any documents in the possession of the Commission, the Commission or its staff determines that it

needs to retain such documents to fulfill its record-keeping obligations or to carry out any permitted uses under Commission Form 1662. Counsel for each defendant may also retain an archival copy of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents, provided that same are treated and protected as contemplated by this Order, and that such documents are not to be used for any non-archival purpose.

**(c)** **Work Product**. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER documents. The restrictions in this subparagraph (c) do not apply to the Commission's use of materials as permitted by Commission Form 1662.

**(d)** **Return of Documents Filed Under Seal**. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11.** **Order Subject to Modification**. This Order shall be subject to modification by the Court *sua sponte* or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and any other applicable Rule, Order, and/or the Court's Individual Practices.

**12.     Limited Protection**.  Documents not designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER but produced to the Commission by any person or entity and bearing the language "Requests That These Documents Be Accorded Confidential Treatment," "Confidential Treatment Requested By," or other similar language seeking confidential treatment under the Freedom of Information Act shall be used by any defendant solely for use in connection with this action.  Such documents are not, however, subject to the other restrictions imposed upon those documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

**13.     Disclosures Required by Law or Permitted by Commission Form 1662**.  Notwithstanding any other provisions contained herein, this Order does not limit or restrict the Commission from using or disclosing any materials to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662.

**14.     Privacy Information**.  The term "Privacy Information" shall mean documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor (other than only the minor's initials), or a financial account number (other than only last four digits thereof), regardless of whether such information has been designated as CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER.  With regard to Privacy Information that any party has obtained in this case through production of documents, other discovery, or otherwise under Fed. R. Civ. P. 26(a), that party will not disclose or use such Privacy Information other than for purposes of litigating this case, subject to the following exceptions:

**(a)** The Order shall not limit or restrict the Commission from using or disclosing Privacy Information to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662.

**(b)** The Order shall not apply to Privacy Information that any party obtained or obtains independently of materials produced or provided to it in this case.

**(c)** The Order shall not limit or restrict the ability to file Privacy Information in this case, or present, disclose, or use Privacy Information at trial, depositions, hearings or other proceedings in this case, subject to paragraph 14(d) below.

**(d)** The Order shall not alter the parties' obligations to comply with the requirement of Local Civil Rules 5.2(a) and (b).

15. **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

16. **No Admission**.  Nothing in this Order operates to create an admission by any party that any material disclosed in this case is relevant or admissible.  Each party specifically reserves the right to object to the use or admissibility of all material disclosed, in accordance with applicable law and Court rules.

17. **Persons Bound**.  This Order shall take effect when entered and shall be binding upon the parties, their counsel, and persons made subject to this Order by its terms.

**STIPULATED AND AGREED BY**:

Dated: New York, NY
      June 8, 2020                            /s/ Lee A. Greenwood
                                            Lee A. Greenwood
                                            Philip A. Fortino
                                            SECURITIES AND EXCHANGE
                                               COMMISSION
                                            New York Regional Office
                                            Brookfield Place
                                            200 Vesey Street, Suite 400
                                            New York, NY 10281-1022
                                            (212) 336-1100
                                            GreenwoodL@sec.gov
                                            FortinoP@sec.gov

                                            *Attorneys for Plaintiff Securities and Exchange Commission*

Dated: New York, NY
      June 8, 2020                            /s/ Daniel Scott Furst
                                            Daniel Scott Furst
                                            Michael H. Ference
                                            SICHENZIA ROSS FERENCE LLP
                                            1185 Avenue of the Americas, 37th Floor
                                            New York, NY 10036
                                            (212) 930-9700
                                            SFurst@srf.law
                                            MFerence@srf.law

                                            *Attorneys for Defendants Joshua Sason, Magna Management, LLC (f/k/a Magna Group, LLC), Magna Equities II, LLC (f/k/a Hanover Holdings I, LLC), and MG Partners, Ltd.*

Dated: New York, NY
      June 8, 2020                            /s/ Marjorie J. Peerce
                                            Marjorie J. Peerce
                                            David L. Axelrod
                                            BALLARD SPAHR LLP
                                            1675 Broadway, 19th Floor
                                            New York, NY 10019
                                            (212) 223-0200
                                            PeerceM@ballardspahr.com
                                            AxelrodD@ballardspahr.com

                                            *Attorneys for Defendant Marc Manuel*

Dated: New York, NY
June 8, 2020

/s/ Jonathan Savella
Jonathan Savella
LAW OFFICE OF JONATHAN SAVELLA
810 Seventh Avenue, Suite 620
New York, NY 10019
(646) 801-2184
Jonathan.Savella@gmail.com

*Attorney for Defendant Kautilya (a/k/a Tony) Sharma*

Dated: New York, NY
June 8, 2020

/s/ Marc S. Nurik
Marc S. Nurik
LAW OFFICES OF MARC S. NURIK
1551 Manning Avenue #302
Los Angeles, CA 90024
(310) 909-6828
Marc@nuriklaw.com

*Attorney for Defendants Perian Salviola and Pallas Holdings, LLC*

**IT IS SO ORDERED.**

Dated: June 10, 2020.

Hon. Loretta A. Preska
United States District Judge