

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

February 8, 2021

**By ECF**

Hon. Loretta A. Preska
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: *SEC v. Joshua Sason, et al.*, 19 Civ. 1459 (LAP) (S.D.N.Y.)

Dear Judge Preska:

Plaintiff Securities and Exchange Commission (the "Commission") and Defendant Marc Manuel ("Manuel), Defendants Joshua Sason ("Sason"), Magna Management, LLC ("Magna"), Magna Equities II, LLC ("Equities"), and MG Partners Ltd. ("MGP") (collectively, Sason, Magna, Equities and MGP are the "Magna Defendants"), and Defendants Kautilya Sharma ("Sharma"), Perian Salviola ("Salviola"), and Pallas Holdings, LLC ("Pallas") (collectively, the "Pallas Defendants") respectfully write, pursuant to the Court's Order of February 1, 2021 (Dkt. No. 93), to report on the status of this case. The parties jointly submit most of this status report but disagree as to the timeline for completing discovery, discussed below in Section 4, and separately describe issues that may require the Court's intervention in Section 6.

**(1) Existing Deadlines**—None. The parties jointly proposed a case management plan prior to the COVID-19 pandemic on March 9, 2020 (Dkt. No. 77), but no discovery schedule has been set.

**(2) Outstanding Motions**—Although there are currently no motions pending in this Court, Manuel has a motion *sub judice* in the Northern District of Ohio to obtain sentencing and plea related material from the prosecution of Izak Zirk de Maison ("de Maison"). That motion has been pending since August 19, 2020. Manuel's position is that that material is critical to his defense of this matter because it will bear on de Maison's credibility.

**(3) Status of Discovery**

Fact Discovery

Document discovery among the parties is complete, except for the issues identified in Section 6, below.

Deposition discovery is ongoing. The Commission has noticed five non-party depositions and has taken three of those depositions. The Commission expects to conduct its fourth non-party deposition later this week and is in the process of rescheduling its fifth non-party deposition given the unavailability of certain defense counsel.[1] The Commission intends to notice approximately five additional depositions: the four individual Defendants and one additional non-party, de Maison, who is incarcerated and is discussed more fully below in Section 6. The Commission may seek the Court's leave to take more than the ten depositions permitted as of right by Federal Rule of Civil Procedure 30(a)(2)(A)(i), if the Commission cannot obtain the relevant information through appropriate declarations or stipulations. Defendants reserve their rights to oppose such an application if they believe appropriate.

Defendants have not noticed any depositions. Manuel and the Magna Defendants intend to notice de Maison's deposition and at least one additional non-party deposition. Manuel and the Magna Defendants reserve the right to notice more depositions if appropriate including noticing depositions of Commission counsel in this matter, if warranted, following de Maison's deposition.[2] The Pallas Defendants intend to notice five or six additional non-party depositions.

Expert Discovery

The Commission anticipates the need for expert discovery following the conclusion of fact discovery concerning, among other potential topics, industry custom and practice concerning the exemptions from securities registration that are applicable to this case. Manuel and the Magna Defendants do not at this time see a need for expert testimony, but they reserve the right to oppose the Commission's request for expert discovery if they deem appropriate and to seek expert discovery if they deem appropriate at the conclusion of fact discovery.

**(4) Timeline for Completing Discovery**

*The Commission's Position*: Fact discovery should conclude by May 28, 2021, with the possible exception of de Maison's deposition, given his incarceration at Big Spring CI in Spring, Texas. Like the Bureau of Prisons ("BOP"), The GEO Group, Inc., which operates Big Spring CI, has put in place certain restrictions due to the COVID-19 pandemic and has informed Commission counsel that it may not be able to accommodate the logistics of an in-person or videoconference deposition of de Maison but would be able to accommodate a telephone deposition. Although the Commission is amenable to taking this deposition by phone, the Commission understands that Manuel and the Magna Defendants seek to depose de Maison in person. Contrary to Manuel and the Magna Defendants' suggestion, the Commission has no authority to "produce" de Maison for a deposition; as Manuel and the Magna Defendants are aware, when the Commission has interviewed de Maison separately from the Department of Justice ("DOJ"), it has traveled to the place or District of his incarceration to do so. The Commission has asked the U.S. Attorney's Office for the Southern District of New York whether it would be possible for the DOJ to move de Maison to this

[1] Issues related to this fifth non-party deposition are also discussed in Section 6, below.

[2] The Commission intends to oppose any such depositions of Commission counsel, including by moving for a protective order, if necessary.

District for his deposition and was advised that BOP is not likely to grant this request at this time given the pandemic.

The Commission respectfully submits that the deadline for the completion of expert discovery should be August 27, 2021, with interim deadlines for the exchange of primary expert reports by June 25, 2021, and the exchange of rebuttal expert reports by July 23, 2021.

*Manuel and the Magna Defendants' Position:* Manuel and the Magna Defendants do not believe that fact discovery will conclude by May 28, 2021, given a) unresolved document discovery discussed in Section 6, below, b) the current position of the Commission with respect to de Maison's deposition that is summarized by Manuel and the Magna Defendants below, c) an ongoing meet and confer process relating to unresolved scope, subject matter and proportionality issues for party and non-party depositions involving individuals who have already provided extensive document discovery and sworn testimony to the Commission during its multi-year investigation, and d) the five or six additional non-party depositions that the Pallas Defendants intend to notice for deposition. With respect to the Pallas Defendants, we note that they have stated to the Commission that any depositions of their clients "must be confined to the alleged Section 5 violation." Manuel and the Magna Defendants believe fact discovery should conclude by the end of July 2021 provided that, in particular, the Commission produces de Maison for an in-person deposition.

Manuel and the Magna Defendants' position is that de Maison is the critical witness in this case for the Lustros transactions, there are numerous documents to question him about, and taking a live deposition is essential to the defense of this action. Manuel has asked the Commission to formally request that DOJ have de Maison moved to a location in New York for a live deposition as the Commission has requested in the past.

The Commission has presented two positions that the Magna Defendants submit do not clarify an actionable position of the Government with respect to the production of a federal prisoner in a U.S. court on behalf of the Commission. The first indicates that the private contractor, The GEO Group, Inc., which operates the facility where de Maison is incarcerated "may not be able to accommodate the logistics of an in-person or videoconference deposition." The second position, which is sourced to DOJ, on behalf of BOP, states, "BOP is not likely to grant this request at this time." At this juncture, the Magna Defendants still do not know what formal request, if any, has been referred by the Commission to the BOP regional office or the institution holding custody of de Maison with respect to his production for an in-person deposition, in this jurisdiction, in the next several months.

Manuel believes that if the Court supports this request, DOJ is more likely to respond favorably. De Maison is the key witness in the Lustros part of this case, and without his testimony the case cannot proceed to summary judgment. This case has now been pending for more than two years and this delay has significantly harmed Manuel and the Magna Defendants through lost employment opportunities and harm to reputation. Additional delays further compound this material harm.

Subject to the forgoing, Manuel and the Magna Defendants believe it inappropriate to contemplate expert discovery deadlines until there is a firm date for de Maison to be deposed in person and fact discovery to end. Once that date is set, subject to the objections and reservations of Manuel and the Magna Defendants set forth in Section 3, above, counsel for Manuel and the Magna

Defendants are willing to meet and confer with the Commission to set reasonable expert discovery deadlines.

*Pallas Defendants' Position:* Citing ongoing scheduling challenges and the probability of further disruptions related to COVID-19, the Pallas Defendants would add a month to each of the Commission's proposed deadlines.

**(5) Status of Settlement Discussions**—The Commission has engaged in preliminary settlement discussions with certain Defendants, but these discussions are not ongoing and are not likely to be fruitful until at least the close of fact discovery. Counsel for Manuel and the Magna Defendants believe that the live deposition of de Maison will assist in settlement discussions.

**(6) Issues that May Require Court Intervention**

Certain Party and Non-Party Depositions

*The Commission's Position:* Counsel to Defendants Manuel and Sason have stated that they will object to producing their clients for depositions without limitations on questioning—specifically, that the Commission should not be permitted to ask questions about topics or issues that were the subject of the investigative testimony they gave during the Commission's underlying investigation. The Magna Defendants' counsel—who also represent a former employee of Magna who is not a party to this action—has asserted the same position on that non-party's behalf in response to the Commission's deposition notice. The Commission began to meet and confer with the Magna Defendants' counsel concerning this witness on December 29, 2020, but has had difficulty obtaining prompt responses from the Magna Defendants' counsel concerning both the substance and scheduling of this deposition. The Commission's position is that it will work in good faith with counsel to the relevant witnesses (1) to identify examples of new areas and documents it plans to cover in a deposition and (2) to discuss stipulations or declarations that may obviate the need to ask certain questions at a deposition, but that it cannot agree to the types of topic-based limitations that counsel to Manuel and the Magna Defendants have proposed. The parties will continue to meet and confer concerning these issues but, if they cannot reach a resolution, intend to raise the disputes with the Court.

*Manuel and the Magna Defendants' Position:* The Commission misstates the position of the Magna Defendants and the non-party identified above, which has been discussed in, at least, an all-counsel meet and confer call concerning depositions. In that call, the Commission advised all Defendants that it would not discuss potential limitations on depositions generally in the meet and confer call but rather would engage in separate, deposition meet and confers on a case-by-case basis. Sason has not been the subject of a separate meet and confer call. Counsel for the Magna Defendants and the non-party witness, however, are presently conferring with the Commission as to its intent to depose the non-party witness. Counsel for the non-party witness have provided written explanations of their position on behalf of the non-party witness on January 20, 2021, as well as February 5, 2021, as well as participated in a meet and confer call on January 26, 2021, with the Commission. The Commission advises that it will respond to the February 5, 2021, letter.

Broadly, Manuel and the Magna Defendants contend that the Federal Rules of Civil Procedure, as amended, do not support the Commission's belief that it is entitled to "reset" all testimonial discovery and take unlimited depositions about the same topics, transactions and

documents that the Commission already had in its possession during its multi-year joint investigation (including 10 proffers and one under oath deposition with key witness de Maison, as well as the voluminous documents that have since been produced to Defendants in this matter) where it took extensive, sworn testimony during seven-hour or more examinations concerning events and transactions dating back to the fall of 2012. Manuel and the Magna Defendants have agreed to depositions regarding new areas of questioning, have asked the Commission to disclose the additional topics and/or documents it wishes to cover, and counsel for the Magna Defendants, who are also counsel for a third party witness, have initiated an extensive meet and confer process intended to narrow and expedite fact discovery in a manner that is proportional to the Commission's needs and considerate of the resource and financial burden that taking additional sworn testimony has on party and non-party deponents. Although this meet and confer process continues, the Commission has refused to narrow its topics, and contends that it can revisit areas it already covered with no limitation. No such discussions have commenced with counsel for Manuel. The parties will meet and confer concerning these issues but, if they cannot reach a resolution, intend to raise the disputes with the Court.

*The Pallas Defendants' Position:* Defendants Salviola and Sharma maintain that their depositions must be limited to the single remaining claim against them: the alleged Section 5 violation. The parties will continue to discuss the appropriate scope of the examinations and raise any disputes with the Court.

Privilege Assertions by the Pallas Defendants

Counsel for Defendant Sharma recently informed the Commission that Sharma's document production to the Commission during its investigation—a document production Sharma's former counsel made approximately two and a half years ago—contained at least 20 privileged documents. The Commission has segregated these documents from its document review database related to this litigation and it has requested information about the steps, if any, taken by Sharma to preserve the privilege, as well as a privilege log from each of the Pallas Defendants. The Commission will meet and confer with counsel to the Pallas Defendants after receiving this information and these privilege logs and may seek to compel production of some of these documents.

The Commission's Document Production

*The Commission's Position:* On the evening of February 2, 2021, Defendant Manuel raised, for the first time, an alleged deficiency in the Commission's response to one of Manuel's document requests. The request sought the Commission's communications with subdivisions of DOJ that may have participated in prior parallel criminal investigations touching on certain conduct at issue in this Commission action. In its responses, the Commission advised Manuel that it had already produced non-privileged documents responsive to this new request and then asserted various objections to the request as drafted. The Commission and Manuel will meet and confer on this issue.

*Manuel and the Magna Defendants' Position:* Defendant Manuel has raised numerous concerns to the Commission in regards to ongoing discovery resulting in considerable time and expense to Manuel as highlighted by the Commission's two letters to the Court and recently raised an alleged deficiency in the Commission's response to one of Manuel's document requests, as well as a potential gap in the Commission's document production. The reference above to an issue being raised on February 2 requires context—Manuel has had to go back to the Commission numerous

times to request material that should have been produced earlier. Most recently, the Commission refused to produce documents, claiming that they had not been requested previously. Rather than go back and forth on the issue, Manuel issued another document demand. The Commission responded on January 15, which promoted counsel, upon further review of the issue on February 2 after receipt of this Court's order, to raise deficiencies with the response. The request sought the Commission's relevant communications with subdivisions of DOJ that may have jointly participated in prior parallel criminal investigations touching on relevant aspects of this matter. The Commission refused to produce these documents, asserting objections based on law enforcement privilege, timeliness, undue burden, and proportionality grounds. Those communications may contain additional relevant facts which should be disclosed to the defense. The Commission and Manuel will meet and confer on this issue.

Respectfully submitted,

/s/ Lee A. Greenwood

Lee A. Greenwood
Senior Trial Counsel

cc: All counsel of record by ECF