

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

April 21, 2021

**By ECF**

Hon. Loretta A. Preska
United States District Judge
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:     *SEC v. Joshua Sason, et al.*, 19 Civ. 1459 (LAP) (S.D.N.Y.)

Dear Judge Preska:

Plaintiff Securities and Exchange Commission (the "Commission") respectfully writes, pursuant to Rule 2(A) of the Court's Individual Practices and Local Civil Rule 37.2, in further support of its application for a pre-motion discovery conference concerning Defendant Kautilya Sharma's ("Sharma") refusal to produce responsive, relevant email communications that he admits contain non-privileged material (Dkt. No. 101, the "Application" or "App.").

Sharma's response (Dkt. No. 103, "Opp.") does not dispute that he has withheld from production certain relevant, non-privileged emails or that Sharma's counsel has not reviewed all of those documents. Rather, Sharma argues that he should not be ordered to review these documents because doing so would be unduly burdensome. (Opp. at 1–2.) To support his burden argument, Sharma cites the "roughly 700" pages of withheld documents he would have to review. (*Id.* at 1.) Based on Sharma's privilege log and correspondence, it appears the universe of documents at issue is, at most, 344 messages, more than 80 of which Sharma's counsel already has reviewed. (*See* App. Exs. 6, 7 at 1.) Sharma asserts that even this review is unnecessary because it is "unlikely" that the Commission has not obtained these documents from other sources. (Opp. at 2.) But the Commission should not have to bear the risk that a defendant is withholding material evidence that has not already been produced, given the minimal burden to Sharma's counsel of reviewing, at most, a few hundred documents. Sharma's additional argument that performing this review would detract from the time available to prepare for his upcoming deposition also is unavailing. As set forth in the Application, Sharma's counsel has had ample time—weeks, if not months—to address this issue (*see* App. at 2) and their delay in performing the document review should not relieve them of their basic discovery obligations.

Respectfully submitted,

/s/ Philip A. Fortino

Philip A. Fortino
Senior Counsel

cc:     All counsel of record by ECF