**Ballard Spahr LLP**

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Marjorie J. Peerce
Tel: 646.346.8039
Fax: 212.223.1942
peercem@ballardspahr.com

September 20, 2021

*By Electronic Filing*

The Honorable Loretta A. Preska
United States District Judge
United States District Court for the Southern
District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Sason, et al.*, 19 Civ. 1459 (LAP) (SDNY)

Dear Judge Preska:

Defendant Marc Manuel respectfully writes to request a pre-motion conference to seek permission to file a motion to compel Plaintiff Securities and Exchange Commission ("SEC") to serve full, complete, and accurate responses to Mr. Manuel's First Set of Requests for Admissions to the SEC, (the "Requests"). *See* ECF 115 Ex. 2. As served, many of the SEC's responses to the Requests make little sense and/or contradict the facts of this case, and appear designed to frustrate Manuel's use. Manuel asks the Court to permit him to move to compel full, complete and accurate responses, or deem the at-issue requests admitted.

## I.   PROCEDURAL BACKGROUND

On July 23, 2021, Manuel served 41 requests for admission on the SEC, pursuant to Rule 36 of the Federal Rules of Civil Procedure. On August 23, 2021, the SEC served its initial responses (the "Initial Responses"). The Initial Responses contained individual responses that are confounding given the facts and appear designed to frustrate Manuel's use of the Initial Responses in this matter. The very next day, on August 24, 2021, Manuel notified the SEC that its responses were deficient and requested to meet and confer. Exhibit 1 (August 2021 correspondence) at 3. Thereafter, Manuel sent the SEC a letter outlining the deficiencies in the Initial Responses. *See* Exhibit 2 (August 26, 2021 Letter).

The parties conferred on August 31, 2021, and during the meeting, counsel for Manuel highlighted the deficiencies in the Initial Responses, particularly those pertaining to (1) the FBI-302s detailing the government's lengthy interviews with the sole witness purportedly supporting the SEC's case against Manuel, Izak Zirk de Maison, and (2) de Maison's motives for cooperating with the SEC. Following the meet and confer, the SEC served its First Amended Responses to the Requests for Admissions (the "Amended Responses"). *See* ECF 115, Ex. 2. The Amended Responses are legally deficient for several reasons, primarily because the SEC has refused to admit facts clearly established by the record, violating Rule

The Honorable Loretta A. Preska
September 20, 2021
Page 2

36. Manuel has previously described why de Maison's credibility and motives are so critical to this case, and for the sake of brevity, incorporates the factual background in (1) Manuel's Letter Motion to Compel Production of FBI-302s, ECF No. 81 at 2; and (2) Manuel's Response Letter to SEC Letter Motion for a Protective Order, ECF No. 119 at 2.

## II.     THE LEGALLY DEFICIENT RESPONSES

"The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested." *Burns v. Bank of Am.*, No. 03 Civ. 1685 (RMB)(JCF), 2007 U.S. Dist. LEXIS 40037, at *31 (S.D.N.Y. June 4, 2007). The Requests are "simple and direct," *Williams v. City of Albany*, No. 1:18-CV-1446 (LEK/DJS), 2019 U.S. Dist. LEXIS 147230, at *7 (N.D.N.Y. Aug. 28, 2019), and the SEC's refusal to acknowledge certain well-established facts undermines the purpose of requests for admissions. The SEC is obligated to "admit, unless [it] disagree[d] with the request." *Henry v. Champlain Enters.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). "[I]f a party fails to admit the genuineness of any document or the truth of any matter as requested, and if the requesting party proves these facts, the court can order the responding party to pay reasonable attorney fees incurred to prove such facts." *Id.*

The SEC's responses are legally deficient. While the majority of the Amended Responses are disingenuous, Manuel seeks court intervention regarding Amended Responses 1-3 (regarding de Maison's cooperation with the SEC) and 7-12 and 14-16 (regarding de Maison's meetings with the government).

*Rule 35*

Requests 1 through 3 relate to de Maison's cooperation with the SEC. As discussed above, logic and email communications exchanged between de Maison's criminal defense attorneys and the SEC demonstrate that de Maison is cooperating with the SEC to earn credit for a Rule 35 motion. Indeed, in 2018, the SEC explicitly told counsel for Manuel that de Maison was working towards a Rule 35. Request Nos. 1 and 2 sought an admission that, as demonstrated in Exhibit 3, de Maison's counsel had asked the SEC to keep track of information de Maison had provided to the SEC so that he could get "credit." The SEC nonsensically denied the Request, "except admit[ted] that on or about October 24, 2018, Holderman wrote an email to the Commission staff in which she asked the Commission staff to 'keep track of your meetings with [de Maison] so he can get credit for everything.'" Exhibit 3, *which was produced by the SEC*, contradicts the SEC's responses.

Request No. 2 additionally asked the SEC to admit the "credit" was for "cooperating with the government in connection with a motion under Rule 35 of the Federal Rules of Criminal Procedure." The SEC objected on the basis that it could not "speculate as to the intended meaning of a request made by Holderman." This objection defies logic. The "credit" de Maison's counsel refers to can only mean one thing – credit for a Rule 35 motion and the SEC admitted as such in discussions with Manuel's counsel during a 2018 telephonic conversation as well as the August 2021 meet and confer.

The Honorable Loretta A. Preska
September 20, 2021
Page 3

The SEC similarly refused to admit Request No. 3, *i.e.* that it "has kept track of information that Engelbrecht has provided, in part, to share with the [DOJ] in connection with a" Rule 35 motion. The SEC admitted that it had kept track of information de Maison had provided it, but denied the remainder of the Request. Exhibit 3, however, clearly establishes that the SEC agreed to keep track of the SEC's "meetings, etc." in response to de Maison's counsel's request that that record be kept for the purposes of "credit," which could only be a reference to a Rule 35.

*de Maison's Government Meetings*

Requests 7, 8 and 9 sought admissions regarding de Maison's statements documented by FBI-302s. For example, Request 7 sought an admission that "during a proffer on December 8, 2014, attended by Commission attorney John Enright, [de Maison] listed 28 people he wanted to talk about who were engaged in penny stock frauds." ECF No. 115 Ex. 2 at 4. Instead of admitting de Maison made such statements, as was obvious from the 302, the SEC repeatedly responded that it had "insufficient knowledge" to admit or deny these Requests, yet it could admit that the identified FBI-302s and notes accurately reflected the statements identified in the Request. These responses are insufficient and flippant. The SEC's John Enright attended the relevant interviews with de Maison and the SEC had the requisite information to admit the given Requests. Indeed, the SEC Enforcement Manuel instructs SEC personnel to prepare to testify about conversations that occur during an interview. *See* SEC Enforcement Manual § 3.3.3.2, available at https://www.sec.gov/divisions/enforce/enforcementmanual.pdf.

Requests 10 through 12 and 14 through 16 simply sought admissions that certain FBI-302s accurately detailed information de Maison had provided. Instead of simply admitting the Requests, which it could and should have done based on Enright's actual participation in and physical presence at these meetings, the SEC again stated that it had "insufficient knowledge" to admit or deny whether the FBI-302s or Enright's notes contained "a complete summary of all information Engelbrecht had provided during the meeting." Again, Mr. Enright attended all of the meetings that were the subject of these requests, so any claim of insufficient knowledge as to completeness of the FBI-302s is baseless.[1]

For all the reasons stated herein, Manuel is entitled to full, complete, and accurate responses to the Requests for Admissions.

---

[1] The SEC's refusal to provide full and complete responses to the Requests only further highlights the need to depose Mr. Enright, as outlined in Manuel's Letter Response to the SEC's Letter Motion for a Protective Order (ECF 119).

The Honorable Loretta A. Preska
September 20, 2021
Page 4

Respectfully,

**BALLARD SPAHR LLP**

  */s/ Marjorie Peerce*
Marjorie J. Peerce
David L. Axelrod
1675 Broadway, 19th Floor
New York, NY 10019
(212) 223-0200
PeerceM@ballardspahr.com
AxelrodD@ballardspahr.com

*Attorneys for Defendant Marc Manuel*

DLA/sdm
Enclosures

CC:   All counsel of record (via ECF)